UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2848 (CAS) (AGRx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | PACKAGING CORPORATION OF AMERICA V. NEWCO INTERNATIONAL INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants | |
| David Mannion | James Thompson | |

**Proceedings:** PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Docket #31, filed November 6, 2013)

## I. INTRODUCTION

Plaintiff Packaging Corporation of America filed this action against defendant Newco International, Inc. on April 23, 2013. Dkt. #1. The complaint asserts claims for (1) breach of contract, (2) open book account, (3) goods sold and delivered, and (4) account stated. Id. Defendant filed an answer and counterclaim on June 14, 2013. Dkt. #11. The counterclaim asserts a single claim for breach of contract. Id. Plaintiff filed an answer to the counterclaim on June 24, 2013. Dkt. #13. A jury trial in this matter is scheduled for July 22, 2014. Dkt. #25.

On November 6, 2013, plaintiff filed a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 as to the complaint's first and second claims for relief. Dkt. #31. Plaintiff also seeks entry of a final judgment as to these two claims pursuant to Federal Rule of Civil Procedure 54(b). Id. Defendant filed an opposition on November 18, 2013, dkt. #39, and plaintiff replied on November 25, 2013, dkt. #43. The Court held a hearing on December 9, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The following facts are undisputed by the parties. Plaintiff delivered various goods to defendant between October 15, 2012, and December 4, 2012. Plaintiff's Statement of Uncontroverted Material Facts ("SUMF") ¶ 1; Defendant's Statement of Genuine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2848 (CAS) (AGRx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | PACKAGING CORPORATION OF AMERICA V. NEWCO INTERNATIONAL INC. | | |

Disputes ("SGD") ¶ 1. To date, defendant has not notified plaintiff that it is rejecting the goods or that it does not want to retain them. SUMF ¶ 3; SGD ¶ 3. Defendant has not returned the goods or offered to do so. SUMF ¶ 4; SGD ¶ 4. Payment of $76,783.35 for these goods is past due. SUMF ¶ 5; SGD ¶ 5. Payment of plaintiff's first invoice was due on November 15, 2012, and payment of a second invoice was due on December 5, 2012. SUMF ¶ 9, 11; SGD ¶ 9, 11. At the time that the first invoice became due, defendant had already accepted delivery of goods with an invoice value of $67,032.91. SUMF ¶ 10; SGD ¶ 10. At the time that the second invoice was due, defendant had accepted delivery of the balance of the goods, with an invoice value of $9,750.44.[1] SUMF ¶ 12; SGD ¶ 12.

Plaintiff maintains, in the regular course of its business, a statement of account as to payments owed by defendant. SUMF ¶¶ 6-7; SGD ¶¶ 6-7. This statement of account shows the charges in favor of plaintiff and against defendant that give rise to the $76,783.35 past due amount. SUMF ¶¶ 6-8; SGD ¶¶ 6-8.

Defendant asserts a counterclaim for breach of an agreement to fulfill an order placed by defendant on November 26, 2012. SUMF ¶ 13; SGD ¶ 13. The counterclaim seeks $50,427.72 in damages. SUMF ¶ 18; SGD ¶ 18.[2]

---

[1] Paragraphs 10 and 12 of the SUMF state that PCA accepted delivery of goods. Based on the context of this action, the Court infers that plaintiff intended to state that Newco accepted delivery of goods. The Court will proceed under that assumption.

[2] Defendant contends that the fact that the counterclaim has been filed is irrelevant to this motion. SGD ¶ 13. However, given that plaintiff seeks to certify any judgment entered in its favor, the Court considers the counterclaim in its analysis as to whether certification serves the interests of sound judicial administration, see Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). Accordingly, the Court overrules defendant's objection. Defendant also objects to undisputed facts 14 through 17. SGD ¶¶ 14-17. As set forth in Section IV(B), the Court does not rely on these facts. The objections are therefore overruled as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2848 (CAS) (AGRx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | PACKAGING CORPORATION OF AMERICA V. NEWCO INTERNATIONAL INC. | | |

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 56

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2848 (CAS) (AGRx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | PACKAGING CORPORATION OF AMERICA V. NEWCO INTERNATIONAL INC. | | |

**B.     Fed. R. Civ. P. 54**

When an action presents multiple claims for relief or involves multiple parties, the court may direct entry of a final judgment as to fewer than all of the claims or parties, but only if the court determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). The determination as to whether there is no just reason for delay is committed to the discretion of the trial court. 10 Charles A. Wright & Arthur R. Miller, Fed. Practice & Proc. § 2659 (3d ed.). In exercising its discretion, the court should consider "judicial administrative interests as well as the equities involved." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)). Certification under this Rule "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

**IV.     DISCUSSION**

**A.     Plaintiff's Motion for Summary Judgment**

Plaintiff moves for summary judgment on its claims for breach of contract and open book account. Mot. Summ. J. 6-13. Defendant does not dispute that it ordered goods from plaintiff, that the goods were received, nor does it dispute that the amount owed "remained on an open book account." Opp. Mot. Summ. J. 5. Although defendant does not contest that summary judgment is appropriate on these claims, the Court will briefly address the merits of each claim in turn.

**1.     Breach of Contract**

"A contract for a sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." Cal. Com. Code § 2204(1). The obligation of the seller in such a contract is to deliver the goods, and the obligation of the buyer is to accept the goods and pay for them at the contract rate. Id. §§ 2301, 2607(1). Acceptance of the goods occurs when the buyer fails to make an effective rejection. Id § 2606(1)(b). Plaintiff contends that the undisputed facts show that defendant breached a contract for the sale of goods between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2848 (CAS) (AGRx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | PACKAGING CORPORATION OF AMERICA V. NEWCO INTERNATIONAL INC. | | |

the parties by failing to pay for goods delivered in October and December 2012. The Court agrees. It is undisputed that defendant received goods from plaintiff between October and December 2012, and that defendant has not made any attempt to reject the goods. SUMF ¶¶ 1-4; SGD ¶¶ 1-4. Moreover, the parties do not dispute that defendant owes plaintiff $76,783.35 for these goods. SUMF ¶ 5; SGD ¶ 5. The Court accordingly finds that summary judgment should be granted to plaintiff on its breach of contract claim.[3]

  2. Open Book Account

A claim on an open book account is appropriate "whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of . . . goods . . . furnished." Dreyer's Grand Ice Cream v. Ice Cream Distributors of Evansville, LLC, 2010 WL 1957423, at *5 (N.D. Cal. May 14, 2010) (quotation omitted).

A book account is defined as follows:

> [A] detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner.

Cal. Civ. Proc. Code § 337a. In recognition of the "ubiquity of computerized bookkeeping systems," an open book account claimant may rely on electronic records.

---

[3] The record lacks evidence of an express contract between the parties. However, the intent and conduct of the parties here is a sufficient basis for finding that a contract existed based on the intent and conduct of the parties. See Investment Serv. Co. v. Roper, 588 F.2d 764, 767 (9th Cir. 1978).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2848 (CAS) (AGRx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | PACKAGING CORPORATION OF AMERICA V. NEWCO INTERNATIONAL INC. | | |

Windecker, Inc. v. Menefee, 2011 WL 6318551, at *3 (Cal. Ct. App. Dec. 19, 2011) (citing Interstate Grp. Adm'rs., Inc. v. Cravens, Dargan & Co., 174 Cal. App. 3d 700, 708 n.4 (1985)). Here, it is undisputed that plaintiff maintains a statement of account in the regular course of its business detailing the payments owed by defendant, and that this statement shows that defendant owes plaintiff $76,783.35. SUMF ¶¶ 6-8; SGD ¶¶ 6-8. The Court accordingly finds that summary judgment should be granted to plaintiff on its open book account claim. See, e.g., Windecker, 2011 WL 6318551, at *3.

Plaintiff also seeks attorney's fees of $1,000 pursuant to Cal. Civ. Code § 1717.5(a). Mot. Summ. J. 12-13. That section provides that a prevailing party in an open book account action may recover reasonable attorney's fees. Cal. Civ. Code § 1717.5(a). The fee amount is fixed by the court, and, as relevant here, the amount shall not exceed the lesser of: (1) $1,000, or (2) 25 percent of the principal obligation owing on the contract. Id. The Court finds that a fee award of $1,000 is appropriate here based on its modest size relative to the $76,783.35 past due amount. See Petersen Bros., Inc. v. Phoenix Underground Const., Inc., 2012 WL 6020112, at *4 (E.D. Cal. Dec. 3, 2012) (awarding $1,000 in fees under this statute based on damages of $132,187.50).

3.   Prejudgment Interest

In addition to the $76,783.35 past due amount and $1,000 in attorney's fees, plaintiff seeks prejudgment interest of 10 percent per annum, totaling $8,150.82 as of December 9, 2013. Mot. Summ. J. 13-14. Under California law, an obligation under a contract bears interest at a rate of 10 percent per annum after a breach, unless otherwise stated in the contract. Cal. Civ. Code § 3289(b). Moreover, when a buyer fails to pay the contract price for goods when it becomes due, the seller may recover the past due payments as well as the price of all goods then delivered and accepted. Cal. Com. Code § 2709; Gantry Constr. Co. v. Am. Pipe & Constr. Co., 49 Cal. App. 3d 186, 192-93 (1975). The Court finds that, pursuant to this rule, plaintiff is entitled to recover its requested amount of prejudgment interest. In this regard, it is undisputed that defendant had accepted goods valued at $67,032.91 at the time that the first invoice became due on November 15, 2012. SUMF ¶ 10; SGD ¶ 10. Interest of 10 percent per annum on that amount, calculated from November 15, 2012, through December 9, 2013, totals $7,162.42. Additionally, it is undisputed that defendant had accepted additional goods valued at $9,750.44 at the time that the second invoice became due on December 5, 2012.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2848 (CAS) (AGRx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | PACKAGING CORPORATION OF AMERICA V. NEWCO INTERNATIONAL INC. | | |

SUMF ¶ 12; SGD ¶ 12.  Interest of 10 percent per annum on that amount, calculated from December 5, 2012, through December 9, 2013, totals $988.40.  The total of these two amounts of prejudgment interest is $8,150.82, which is the amount requested by plaintiff.  See Mot. Summ. J. 13-14.

### B. Plaintiff's Motion Pursuant to Fed. R. Civ. P. 54(b)

Plaintiff requests that this Court direct entry of a final judgment as to plaintiff's first and second claims for relief pursuant to Federal Rule of Civil Procedure 54(b) in the amount of $85,934.17, and allow immediate enforcement of that judgment.  In support of this request, plaintiff first argues that its claims for breach of contract and open book account are unrelated to defendant's breach of contract counterclaim.  Mot. Summ. J. 14-15; 17; Reply Mot. Summ. J. 2-6.  Defendant responds that its counterclaim is intertwined with plaintiff's claims because it is a set-off to the amount claimed by plaintiff.  Opp. Mot. Summ. J. 3-5.

Plaintiff also argues that defendant's counterclaim was raised in an effort to "obtain leverage against [plaintiff's] requests for payment" of the $76,783.35 owed by defendant.  Mot. Summ. J. 18.  According to plaintiff, entry of final judgment as to plaintiff's first and second claims for relief will facilitate settlement by forcing defendant to "incur the expense of discharging its own burden of proof on an untenable counterclaim."  Id.

Additionally, plaintiff notes that defendant's president stated in an email to plaintiff's counsel that defendant intended to strongly resist plaintiff's efforts to collect the money that defendant owed to plaintiff.  Id. at 19.  Plaintiff contends that this email shows that a delay in entry of a final judgment on plaintiff's first and second claims for relief would hinder plaintiff's ability to collect on the judgment, and that the equities

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2848 (CAS) (AGRx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | PACKAGING CORPORATION OF AMERICA V. NEWCO INTERNATIONAL INC. | | |

therefore favor entry of final judgment on these claims.[4] Id. (citing Curtiss-Wright, 446 U.S. at 12).

     The Court finds that certification pursuant to Rule 54(b) is not warranted at this juncture because the interests of sound judicial administration weigh in favor of first concluding the litigation defendant's counterclaim before entering a final judgment. See Wood v. GCC Bend, LLC, 422 F.3d 873, 879 (9th Cir. 2005) (reversing certification under Rule 54(b) when the case is of a type in which "partial adjudication of one of several claims . . . is routine"). While defendant's counterclaim relies on a separate transaction from the transactions forming the basis for plaintiff's contract and book account claims, all of the transactions at issue in this case occurred in the same approximate time period, and the counterclaim for breach of contract involves similar legal issues to plaintiff's claims for breach of contract and book account. See SUMF ¶¶ 1-13, 18; SGD ¶¶ 1-13, 18; see also Morrison-Knudsen, 655 F.2d at 965 ("A similarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54.").

     Moreover, while the Court recognizes that plaintiff is concerned about its ability to enforce the judgment on its contract and open book account claims, this concern is not sufficient to render this case one of the "unusual case[s]" in which certification is warranted. See Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d at 965. Trial in this matter is scheduled for July 22, 2014, and plaintiff will have the opportunity to enforce its judgment after the trial is concluded. Furthermore, at that time, both parties will have the benefit of knowing the amount owing on defendant's counterclaim, if any, and will not be forced to speculate on what defendant's recovery will be. See 10 Charles A.

---

[4] Defendant responds that this email was sent as part of a settlement negotiation, and therefore is not properly used to influence this Court. Opp. Mot. Summ. J. 4-8 (citing Fed. R. Evid. 408). Moreover, defendant contends that the email lacks foundation and is inadmissible hearsay. Id. (citing Fed. R. Evid. 602, 802). The Court need not address this issue because, even taking this email into consideration, the Court is ultimately unpersuaded that certification is appropriate in this case, as set forth below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2848 (CAS) (AGRx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | PACKAGING CORPORATION OF AMERICA V. NEWCO INTERNATIONAL INC. | | |

Wright & Arthur R. Miller, Fed. Practice & Proc. § 2659 (3d ed.) ("The possibility of a set-off is one of many factors that may bear on the exercise of the court's discretion.")[5]

**V.      CONCLUSION**

Based on the foregoing, plaintiff's motion for partial summary judgment is GRANTED. The Court DENIES plaintiff's motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED.

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[5] Plaintiff requests, in the event that this Court denies plaintiff's request to permit immediate enforcement of a final judgment as to the full amount of $85,934.17, that the Court permit plaintiff to immediately enforce a judgment of $35,506.45, which constitutes the difference between the amount sought by plaintiff and the amount of defendant's counterclaim. Mot. Summ. J. 20-21; Reply Mot. Summ. J. 11-12. Plaintiff further requests that the Court order defendant to deposit the amount of its counterclaim with the Clerk of the Court. Id. (citing Fed. R. Civ. P. 62(h)). The Court need not address this issue since it concludes that certification is not appropriate in this case. See Fed. R. Civ. P. 62(h) ("A court may stay the enforcement of a final judgment entered under Rule 54(b) . . . .").